Read, Judge.
One of the points made upon this motion is, that the court erred in their construction of the articles of agreement between Gano, Thoms and Talbott. As the construction of articles of copartnership is often times modified, or changed, by the construction which the parties themselves have given them, by their own acts, we *304 shall not now express any opinion upon this point, but confine ourselves to the other errors assigned.
.It is said that the court erred—
First: In ruling out one of the receipts offered in evidence, on the ground of variance.
Second : In holding that Moore could not recover if Talbott were a common member of both firms.
Third : In admitting the declarations of Talbott in evidence, to defeat a recovery upon the receipts.
The averment of time in the declaration does not appear to be de304] scriptive of the receipt declared upon, and it would not *seem, therefore, to be a variance. But it is unnecessary to decide this point, .as the instrument was clearly admissible under the common count, for it was, in legal effect, a promissory note.
The charge that Moore could not recover if Talbott were a common member of both firms, was erroneous ; because the written instrument; upon which recovery was sought, fixed the legal rights and liabilities -of the parties. In actions at law, upon written contracts, the party to sue is the one in whom the contract vests the legal interest; and the parties to be sued are those upon whom it imposes the legal liability The contract itself determines the legal rights and liabilities of the parties, and confers the legal right of recovery. The written in■strument upon which recovery was sought, in this case, conferred upon Moore the right to recover at law of Gano, Thoms and Talbott.
This view, also, excludes Talbott’s admissions, as evidence to defeat the legal liability of himself and his partners, Gano and Thoms. Because, if the written instrument sued upon is obligatory, and authorizes a recovery at law against all the members of the firm, to allow the admissions of one partner, jointly bound, to release a part of the members of the firm, would be to permit, in effect, one person, so bouud, wholly to change the contract, without the consent of him who has the legal interest in the contract. To suffer one party to a contract, by his admissions, to alter its legal effect, would violate that principle of law which requires the consent of all the parties to a contract, in order to alter, limit, or abolish it. A party can not be permitted, by his own parol admission, to contradict or defeat his written instrument. The admissions of Talbott were improperly received.
Verdict set aside, and new trial granted.